No. 18-1230

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Courthouse News Service,
Plaintiff-Appellee,

v.

Dorothy Brown, in her official capacity
as Clerk of the Circuit Court
of Cook County,
Defendant-Appellant.

Appeal From The United States District Court
For The Northern District of Illinois
Case No. 17-cv-7933
The Honorable Judge Matthew F. Kennelly

# CIRCUIT RULE 30(b) SUPPLEMENTAL APPENDIX OF PLAINTIFF-APPELLEE, COURTHOUSE NEWS SERVICE


BRYAN CAVE LEIGHTON PAISNER LLP
Brian A. Sher
Donald A. Cole
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5000

Rachel Matteo-Boehm
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
(415) 675-3400

*Attorneys for Plaintiff-Appellee, Courthouse News Service*

## TABLE OF CONTENTS FOR SUPPLEMENTAL APPENDIX OF PLAINTIFF-APPELLEE, COURTHOUSE NEWS SERVICE


Circuit Court of Cook County, Illinois General Administrative Order 2014-02 (effective June 13, 2016) ("GAO 2014-02") (R. 7-7) .................................. SA1

Illinois Supreme Court's Electronic Filing Standards and Principles, as amended September 16, 2014 ("Standards and Principles") (R. 7-6) .................. SA11

Illinois Supreme Court Rule 138........................................................................ SA19

December 22, 2017 Illinois Supreme Court Order, *In re: Mandatory Electronic Filing in Civil Cases*, M.R. 18368 (R. 35-3)......................................... SA22

Petition on Behalf of the Cook County Circuit Clerk, *In re: Mandatory Electronic Filing in Civil Cases*, M.R. 18368 (R. 35-1)......................................... SA24

Letter to Honorable Timothy C. Evans Re: Amending General Administrative Order 2014-02 Electronic Filing (eFiling) of Court Documents (R. 35-2) ............................................................................... SA26

February 14, 2018 Illinois Supreme Court Order, *In re: Mandatory Electronic Filing in Civil Cases*, M.R. 18368 ....................................................... SA27

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Effective June 13, 2016, General Administrative Order 2014-02, entered January 13, 2014, is amended as follows:

**GENERAL ADMINISTRATIVE ORDER NO. 2014-02**

**SUBJECT: ELECTRONIC FILING (eFILING) OF COURT DOCUMENTS**

IT IS HEREBY ORDERED:

Effective June 3th, 2016, pursuant to the Electronic Filing Standards and Principles of the Illinois Supreme Court, Ill. S. Ct., M.R. 18368 (eff. Jan. 1, 2013; amended Sept. 16, 2014), the Clerk of the Circuit Court of Cook County ("Clerk" or "Clerk's Office") shall accept the electronic filing of certain court documents as set forth below. Nothing in this order is intended to alter the right of a person to file or serve process or other paper documents in the conventional manner pursuant to law and rules. The Clerk's Office shall make this order available through the Clerk's Website.

1. **Definitions.** For the purposes of this order, the following words and terms shall have the following definitions:

   a. *attorney*: a person licensed to practice law in Illinois.

   b. *bulk filing*: a filing consisting of the initial filings in more than one case of the same type, (e.g., multiple complaints for purposes of filing the same number of new mortgage foreclosure actions) in the same division, filed in one online transaction.

   c. *document*: any pleading, motion, or other court filing.

   d. *electronic filing*: transmission of document(s) to the Clerk's Office via electronic means for the purpose of filing the document(s) in the court's record of a case or proceeding.

   e. *electronic filing manager ("EFM")*: system used by the Clerk's Office to process the receipt, acceptance, recording, and service of documents filed electronically on the Clerk's Website.

   f. *electronic filing website ("Website")*: official Internet website of the Clerk, the current address of which is http://www.cookcountyclerkofcourt.org.

   g. *electronic format*: electronic file format(s) specified by this order.

   h. *electronic service*: electronic transmission, via the EFM, of electronically filed documents to parties who have consented to such service.

   i. *file*: an electronic computer file in an authorized computer file format.

   j. *filer*: any person, including an attorney or pro se party, who is registered with the Clerk's Office and authorized by the Clerk's Office to file documents with the court electronically.

k. *vendor*: an entity with whom the Clerk's Office contracts, in accordance with applicable Cook County practices, to provide the electronic filing Website.

2. **Scope of Electronic Filing**

a. *Case types permitted.* Except as provided in subsections (b) and (c) of this Section and subject to the provisions of Rule 15 (eff. Apr. 26, 2012) and Rule 138 (eff. July 1, 2013) of the Illinois Supreme Court, documents may be electronically filed only in cases or proceedings to be heard in the following divisions of this court:

i. Chancery Division

ii. Law Division

iii. civil cases in the Municipal Department

iv. Domestic Relations/Child Support Division

v. Probate Division

vi. cases in the Elder Law & Miscellaneous Remedies Division, arising under the Adult Protective Services Act, 320 ILCS 20/1, *et seq.* or the Illinois Power of Attorney Act, 755 ILCS 45/1-1, *et seq.*

b. As soon as is reasonably practicable, the Clerk's Office shall make electronic filing available in the County Division. Authorization to accept electronic filing in the County Division shall be pursuant to further order of this court.

c. *Documents excluded.* The following documents, including exhibits, may not be electronically filed.

i. documents containing confidential information, as specified in Ill. S. Ct. R. 15 (eff. April 26, 2012)

ii. documents containing personal identity information, as specified in Ill. S. Ct. R. 138 (eff. July 1, 2013)

iii. documents containing the identity of individuals contained in reports made pursuant to the Communicable Disease Report Act, 745 ILCS 45/1

iv. reports relating to an individual's disability pursuant to the Illinois Income Tax Act, 35 ILCS 5/917(a)(ii))

v. confession of judgment

vi. documents required by law, rule, or order to be filed and maintained in their original form

vii. exhibits that do not conform with the size requirements herein

viii. petition for marriage license by an underage petitioner

ix. petition for an order of protection, no contact order, or stalking no contact order

x. registration of Illinois court judgment

xi. registration of administrative judgment

xii. discovery materials excluded pursuant to Ill. S. Ct. R. 201 (eff. Jan. 1, 2013)

xiii. any document when the individual document or the entire case is impounded or sealed by law, rule, or order

d. *Case types excluded.*

i. adoption

ii. emancipation of a minor

iii. eminent domain (condemnation)

iv. fictitious vital records, filed pursuant to the Vital Records Act, 410 ILCS 535/15.1

v. juvenile court (all)

vi. mental health (all)

vii. ordinance violations

viii. proceedings pursuant to the Illinois Sexually Transmissible Disease Control Act, 410 ILCS 325/1, *et seq.*

ix. petition for judicial waiver of notice under the Parental Notice of Abortion Act of 1995, 750 ILCS 70/1, *et seq.*

x. any other type of case required to be impounded or sealed by law, rule, or order

e. *Filing site.* Electronic filing is permitted only by electronic line transfers by means of the Clerk's Website. Documents in electronic file format shall not be accepted by the Clerk's Office or the trial judge for filing by any other method. Documents transmitted by facsimile transmission device (fax) shall not be accepted for filing, electronic or otherwise.

f. *Courtesy copies.* Courtesy copies may not be electronically filed with or otherwise delivered to the Clerk's Office. Nothing in this order shall be interpreted to limit the manner in which a judge may accept delivery of courtesy copies.

3. **Filing Hours, Scheduling, Acceptance, and Related Matters**

a. *Electronic filing hours.* The EFM shall allow filing twenty four (24) hours per day, every day.

b. *Time of filing.* Documents received by the Clerk's Office Monday through Friday, 8:30 a.m. to 11:59 p.m., excluding court holidays, shall be deemed filed that day. Documents filed from midnight to 8:29 a.m., on weekends or court holidays shall be deemed filed at 8:30 a.m. the next court business day.

c. *Acceptance by Clerk.* Any document submitted electronically shall be considered filed with the Clerk's Office if not rejected by the Clerk's Office.

d. *Scheduling motions*. The filing of motions shall be permitted by the Clerk's Office pursuant to 3(a-c) above. Filers may schedule hearings on said motions Monday through Friday, 8:30 a.m. to 11:59 p.m., excluding court holidays. The Clerk's Office shall enable the EFM to allow filers to schedule or reschedule dates for motions previously filed.

e. *Electronic filing stamp*. The transmission shall be endorsed with a file stamp setting forth the identification of the Circuit Court of Cook County, its clerk, and the date and time of filing. This file stamp shall be merged with the electronic document and shall be visible when the document is printed and viewed on line. Electronically filed documents so endorsed shall have the same force and effect as documents file stamped in the conventional manner.

f. *Clerk's Signature*. Where the Clerk is required to sign an electronically filed document, the typed name of the Clerk, affixed by the Clerk, shall be deemed to be the Clerk's signature on the electronic document.

g. *Clerk's receipt*. Upon receiving an electronic document by means of the EFM, the Clerk's Office shall promptly e mail a notice of receipt to the filer. The Clerk's Office shall thereafter e mail the filer a notice of acceptance of the document and the date and time of acceptance. If the document is rejected, the Clerk's Office shall inform the filer of such rejection and the reason(s) for such action.

h. *Filing deadlines*. The electronic filing of a document does not alter any applicable filing deadlines.

4. **Electronic Filing Registration**

a. *Registration required.* Documents may be filed or served electronically only by a person who has registered as an authorized filer.

b. *How to register*. Registration shall be done on the Website on a form prescribed by the Clerk's Office.

c. *Attorney and pro se filers*. Upon registration and validation as set forth in this section, the Clerk's Office shall provide the filer with an account. The Clerk's Office shall provide the filer with a means by which to create a user ID and password.

i. *Attorneys*. Illinois attorneys and out-of-state attorneys permitted to practice law in Illinois pursuant to Ill. S. Ct. R. 707 (eff. July 1, 2013) must register with the Clerk's Office. To register, an attorney must be in good standing with the Illinois Supreme Court and provide his or her Illinois Attorney Registration and Disciplinary Commission registration number.

ii. *Court partner agencies*. Filings from court partner agencies using integrated systems within a secure domain shall not require individual registrations. Otherwise, court partner agencies shall be subject to same requirements set forth for attorneys in (i) or (ii) above.

iii. *Litigants who are not attorneys*. Parties who are not attorneys (pro se litigants) must register with the Clerk's Office. To register, a pro se litigant must provide the following information:

(1) Name;

(2) mailing address;

(3) email address; and

(4) telephone number.

iv. *Current information required*. It is the responsibility of a registered filer to keep all contact information, including the filer's e mail address, current on the EFM.

d. *Completion of registration*. Upon acceptance of a filer's registration, the Clerk's Office shall confirm the registration with the filer by email. Once a filer's registration is completed, the Clerk's Office shall accept filings submitted electronically by the filer through the Website.

e. *User ID and password confidentiality*. Maintaining user ID and password confidentiality is the sole responsibility of the filer registered with the EFM. The registered filer shall have full responsibility for any document electronically filed by anyone using his or her user ID and password.

5. **Procedure for Documents Filed Electronically**

a. *Required Information*

i. circuit court case number;

ii. type of case;

iii. name of the filer;

iv. name of the party on whose behalf the document is being filed; and

v. type of document being filed.

b. *Maximum File Size*. No file or document may contain more than 5 MB (megabytes) of data, as determined by the EFM. To comply with this requirement, an electronically filed document may be divided into parts and submitted as multiple files.

c. *Bulk Filing and Multiple Documents*.

i. Documents in bulk filings may include more than one 5 MB file. Files from different cases shall be uploaded separately and shall not be combined in the same PDF file.

ii. Multiple documents with the same case number may be filed in the same transaction and shall not be combined in the same PDF file.

iii. Multiple documents for different cases shall be filed in separate transactions, except for initial filings included in a bulk filing.

d. *Exhibits*.

i. Filing parties shall scan paper exhibits for electronic filing in accordance with the size and scanning limitations set forth herein or as required by the applicable statute, local rule or order

(1) Exhibits not readily available in electronic form (e.g. blueprints, large maps) may be filed conventionally.

ii. A party electronically filing exhibits must attach an index listing each item and identifying the related paper.

e. *Document font, size, and margins.* Unless otherwise required by statute or rule, documents created by word processing programs must be formatted as follows:

i. the size of the type in the body of the text must be no less than 12 point font, and in footnotes no less than 10 point font;

ii. the size of the pages must be 8 1/2" by 11";

iii. the margins on each side of the page must each be a minimum of 1"; and

iv. the top right 2" x 2" corner of the first page of each document shall be left blank for the Clerk's stamp.

f. *Rejection.* The Clerk's Office may reject documents that:

i. do not comply with the requirements herein for bulk filings and multiple documents;

ii. do not comply with the requirements herein for electronic file formats;

iii. are filed without payment of the fees required by statute or court rule; or

iv. are illegible, pursuant to Ill. S. Ct. R. 131 (eff. Jan. 1, 2016).

g. *Document file formats.* Documents filed in the EFM must be in Portable Document Format (PDF). It is the filer's responsibility, to the extent feasible, to file documents in text searchable PDF. The Clerk's Office shall provide on the Website a means by which a filer may convert documents to PDF at no fee to the filer and a means by which a filer may convert documents to text searchable PDF, for which any applicable fees shall be the exclusive property of the vendor providing said conversion service.

i. Documents shall be submitted in PDF or text searchable PDF format as follows:

(1) Documents created in electronic format shall be converted to PDF; or, to the extent feasible, text searchable PDF directly from the program used to create the document, rather than from the scanned image of the paper document;

(2) Documents only in paper format may be scanned and converted to PDF; or to the extent feasible text searchable PDF;

(3) If a proposed order is filed in the case, it must be created in a word processing program and converted to PDF or, to the extent feasible, text searchable PDF by the program used to create it.

h. *Links and Attachments*. Electronic documents containing links to material either within the filed document or external to the filed document are for convenience purposes only. The external material behind the link is not considered part of the filing or the basic court record.

6. **System or Filer Errors**

a. The Circuit Court of Cook County and the Clerk shall not be liable for malfunction or errors occurring in the electronic transmission or receipt of electronically filed and/or served documents.

b. Filers should attempt, in good faith, to resolve filing and service errors based on technical failures, such as:

i. an error in the transmission of the document from the electronic filing website to the Clerk's Office;

ii. rejection by the Clerk's Office; or,

iii. an erroneous exclusion of a party from the service list.

If the filers are unable to resolve the problem, the aggrieved filer may seek relief from the court. The court, in its discretion, may enter an order nunc pro tunc to resolve the filing discrepancy.

7. **Procedure for Documents Containing Confidential or Sensitive Information**

a. When the filing of personal identity information in its entirety is required by law, ordered by the court, or otherwise necessary to effect disposition of a matter, the "Notice of Personal Identity Information Within Court Filing" must be filed conventionally pursuant to Ill. S. Ct. R. 138 (eff. July 1, 2013). Documents in which the personal identity information has been redacted may be filed electronically.

i. The filing party is responsible to ensure that court documents filed electronically do not disclose previously statutorily impounded or sealed information or private information defined in Ill. S. Ct. Rs. 15(eff. April 26, 2012) and 138 (eff. July 1, 2013).

ii. The Clerk's Office is not responsible for the content of filed documents and has no obligation to review, redact, or screen any expunged, sealed, or impounded information.

b. A party wishing to file a document under seal without prior court authorization to do so may electronically file a motion for leave to file under seal. The document in question shall not be filed with the motion as an attachment, exhibit, or otherwise.

8. Certification of Electronic Documents. The Clerk shall only certify electronically filed documents conventionally at the Clerk's Office, Monday through Friday, from 8:30 a.m. until 4:30 p.m., excluding court holidays. The cost of certification is governed by the Clerks of Courts Act, 705 ILCS 105/27.2, 27.2a.

9. **Fees and Charges**

a. *Filing fees*. The Clerk's Office shall collect all applicable statutory filing fees for documents filed by means of the EFM. The EFM shall also allow the filing of documents for which a filing fee is not required.

b. *Payment of Fees*. Whenever documents are filed electronically that require the payment of a filing fee, the person who files the documents shall provide at that time, for payment of the fee:

i. such credit or debit card information as shall be required at the Website to permit a card to be charged by the Clerk's Office; or

ii. such information as shall be required at the Website to permit an automated clearing house (ACH) debit to be made; or

iii. any other form of payment authorized by the Clerk.

c. *Vendor as Clerk's agent*. The Clerk may permit the vendor to act as a limited agent for the Clerk for the purpose of collecting required filing fees from the filer through direct billing of the filer, unless the payment of the fee has been waived by court order or law. Any mandated filing fees collected by the vendor shall be transmitted to the Clerk's Office at the end of each business day.

d. *Vendor service fees*. Fees charged to filers by a vendor for vendor services, including, but not necessarily limited to, convenience fees and fees for accepting electronic payment, are solely the property of the vendor and in addition to any fees required by law to be collected by the Clerk.

10. **Electronic Signatures**

a. Any document electronically signed pursuant to this section shall comply with all applicable laws and rules regarding original signatures on court documents and shall be subject to applicable sanctions.

i. Each electronically filed document shall bear a facsimile or typographical signature of the attorney or pro se party authorizing such filing.

ii. Documents containing signatures of third parties may be filed electronically and shall bear a facsimile or typographical signature.

b. If a document requires the signature(s) of one or more persons not a party to the case or not registered for electronic filing (e.g., settlement agreement with a pro se party, or a witness' affidavit), the filing party or attorney must confirm that all such persons required to sign the document approve it:

i. Original signatures of all non electronic filers must be obtained before filing the document;

ii. The document must indicate the identity of each non registered signatory; and

iii. The filing party must retain the original document until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review.

c. In the absence of facsimile or typographical signature, any document electronically filed with a user ID and password issued by the Clerk's Office shall be deemed to have been signed by the registered filer to whom the user ID and password are registered.

d. All actions of judges and hearing officers shall be authenticated.

11. **Electronic Service, Proof of Service, Effective Date of Service**

a. *Consent required.* Documents may be served by means of the EFM to the e-mail address of a registered filer who has consented to electronic service. If a registered filer has not consented to electronic service, service shall be made on that filer as otherwise provided by rule or statute. The electronic service of a pleading or other document on a consenting filer shall be considered as valid and effective service and shall have the same legal effect as conventional service.

b. *Date of Service.* The effective date of electronic service shall be determined pursuant to Ill. S. Ct. R. 12(f) (eff. Jan. 4, 2013).

c. *Proof of service.* When a document is served electronically, proof of service shall be filed with the Clerk's Office and served on all parties. Proof of electronic service must comply with all applicable rules, orders, and laws, and shall be filed with the document in question when that document is electronically filed. The certificate of service for electronically served documents shall include the following:

i. an e mail address for the filer and the recipients;

ii. the number of pages in the transmission;

iii. a statement that the document was electronically served; and

iv. the date and time of electronic service transmission.

12. **Clerk's Recordkeeping.** Electronically filed documents shall be maintained in accordance with the Clerk's policy on the retention and maintenance of court records.

13. **Access to Electronically Filed Documents**

a. The Clerk's Office shall make available for inspection and copying printed copies of any electronically filed document as maintained in the official court record. Copies of electronically filed documents shall be made available to the public at the same cost as charged for copies of documents filed in the conventional manner.

b. Consistent with the Illinois Supreme Court's "Electronic Access Policy for Circuit Court Records of the Illinois Courts," the Clerk may permit public access to the electronic forms or images of electronically filed documents only through public access computer terminals located in the Clerk's office locations. These public access terminals do not permit the data, documents, images or information to be downloaded or exported in electronic form.

c. Unofficial versions of electronically filed documents can be accessed via the electronic filing website, subject to the following restrictions:

i. only a registered and authorized filer shall be allowed remote, electronic access to electronically filed documents; and

ii. the registered and authorized filer shall be permitted to remotely access electronically filed documents only in cases where the filer is a party representing himself or herself or is an attorney that has entered an appearance on behalf of a party.

14. **Construction.** This order shall be liberally construed so as to facilitate electronic filing.

Dated this 13th day of June, 2016.

**ENTER:**

Timothy C. Evans
Chief Judge

.

# ELECTRONIC FILING STANDARDS AND PRINCIPLES

**(Amended 09/16/2014)**

## STANDARDS - Requirements for Electronic Filing

### 1 Application and Testing

(a) In courts electing to initiate e-filing in a civil or criminal case types, including citations, the chief judge or presiding judge and clerk of that court shall apply to the Supreme Court for approval to conduct electronic filing. The chief judge and the circuit clerk shall engage the local bar association(s) in the planning and development process for any electronic filing program; .the state's attorney and public defender shall be included in the planning and development process for criminal case types; and the sheriff or law enforcement agency shall be included in the planning and development process for electronic filing of citations. The application to conduct electronic filing shall include a letter from the applicable entity(ies) identified above,local bar association(s) providing their assessment of the proposed e-filing system.

(b) Approval of any applications under this section shall be contingent upon compliance with all required standards and rules. Upon approval, the clerk shall formulate and follow a method to test the electronic filing and document management systems before implementation to ensure that they meet all criteria set out in these Standards and all other standards applicable to the clerk's duties.

### 2 System Security

The clerk shall ensure that a comprehensive, reliable backup of the electronic records is in place and that the system shall produce, when necessary, transaction audit logs. The clerk shall ensure that confidential data and documents cannot be exposed through a vendor or any integrated program.

### 3 Filing of Electronic Documents

Any electronic document or record submitted to the clerk of the court for filing shall be deemed filed if not rejected by the clerk. The transmission date and time of transfer shall govern the electronic file mark. Pleadings Documents received by the clerk before midnight on a day the courthouse is open shall be deemed filed that day. If filed on a day the courthouse is not open for business, the document will be deemed filed the next business day. While the case is pending, the clerk shall retain an audit trail of submission, acceptance, and filing of electronic documents by recording the dates and times transmitted, received, and accepted or rejected. The electronically filed transmission shall be endorsed with the electronic file mark setting forth, at a minimum, the identification of the court, the clerk, the date, and the time of filing.

.

**4 Electronic Access to Court Records**

The form of filing shall not affect the right of access to court documents. The clerk's on premises public access terminal shall allow for electronic records and electronic documents to be displayed to the public. Electronic access and dissemination of court records shall be in accordance with the *Electronic Access Policy for Circuit Court Records of the Illinois Courts.*

**5 Identity Verification of Filing Party**

(a) The electronic filing process shall use a methodology to identify the source of the e-filed document submitted to the court electronically. The court shall provide an identifier to all registered participants (filers) and a means to confirm that the filing was approved by an authorized user. The Attorney Registration and Disciplinary Commission number may be used as the identifier for attorneys to ensure that the attorney is licensed and in good standing with the Illinois Supreme Court. Filings from court partner agencies using integrated systems within a secure domain shall not require individual registrations.

(b) The e-filing process shall permit the clerk's staff to verify whether an attorney who registers as a user is authorized to practice in Illinois.

**6 Minimum Requirements of an E-Filing System**

(a) The e-filing system shall require any user: to register to receive an account ID with security privileges to file electronic documents; to transmit documents in text searchable PDF format; to identify the type of document being filed; to provide the name of the filing party; to provide the abbreviated case title; to provide the appellate and circuit court case numbers.

(b) The e-filing system shall provide a link to a converter utility to allow users to convert documents to PDF (Portable Document Format).

(c) The e-filing system shall provide processes to permit the clerk to review electronically all documents, validate the case information filed, and accept or reject the e-filed documents consistent with Supreme Court and local rules.

(d) The e-filing system shall provide verification to the filer of a successful transmittal when the document is received by the clerk's office. The verification shall include the date and time of the electronic filing's submission.

(e) The e-filing system shall transmit a message to registered users that the clerk's office has accepted or rejected an electronically transmitted document for filing.

(f) If an electronically transmitted document is rejected by the clerk, the e-filing system

must provide a means for the clerk to transcribe and send a note to the filer indicating the reason(s) for rejection. Documents filed by *pro se* parties shall be reviewed for acceptance as provided for in paragraph 9(f).

(g) A mechanism shall be available for inclusion of the clerk' s file stamp(s), the date and time of filing, and clerk's signature, if applicable, on documents accepted and filed electronically. A process shall be available to allow the clerk to transmit a filed copy of the document bearing the above items to registered users. In addition to the clerk' s file stamp, all transactions received or initiated by the court or clerk should include a method for authentication or certification to court partners.

(h) Any e-filing system or case management system in the circuit court shall permit users to request the scheduling of matters.

(i) To the extent practicable, any e-filing system shall prohibit initiation of a filing for case types or documents not authorized for electronic filing in the court.

**7 Ownership and Control of Electronically Filed Documents and Data**

Ownership of the documents and access to the data associated with all e-filed documents remains with the court.

**8 Integrity of Electronically Filed Documents and Data**

(a) The e-filing process must identify the filer, the case, and sufficient other information for entry in the clerk of the court's case management system. The filing court will specify the information users are required to enter by local rule.

(b) All documents transmitted to the clerk shall be free of viruses or other processes harmful to the recipient.

(c) To ensure future integrity of the document, the data and the document shall be stored intact.

**9 Requirements of an Electronic Document**

(a) Documents must be submitted in PDF format. Courts may allow, by local rule or order, additional formats of documents accepted through electronic filing. When possible, documents must be converted to PDF directly from the program creating the document, rather than from the scanned image of a paper document. Documents only in paper format may be scanned and converted to PDF for electronic filing. In the event that proposed orders are submitted in a case, the PDF of the proposed order must be generated directly from a word processing program.

(b) Courts may specify a maximum file size for the submission of electronically-filed

documents, but must permit users to file multiple documents, each under the maximum file size, in order to file a document that would otherwise exceed the maximum document size. In such cases, the user will be responsible for dividing the document into appropriately- sized parts.

(c) Unless otherwise required, documents created by word processing programs must be formatted as follows: (a) the size of the type in the body of the text must be no less than 12 point font, and footnotes no less than 10 point font; (b) the size of the pages must be 8-1/2 by 11 inches; and (c) the margins on each side of the page must each be a minimum of 1 inch; and (d) the top right 2" x 2" corner of the first page of each pleading shall be left blank for the clerk's stamp.

(d) Bulk filings of multiple cases or multiple documents combined into one PDF document in civil or criminal case types shall not be accepted. Documents with different civil or criminal case numbers must be filed individually in separate transactions. Filing of individual documents within a civil or criminal case should be accepted in a single electronic filing transaction. Multiple citations being electronically filed may be transmitted to the circuit clerk as a single transaction directly from the law enforcement agency.

(e) File exhibits not readily available in electronic form (e.g. blueprints, large maps) may be filed conventionally. If possible, however, a filing party should scan a paper exhibit and file it electronically, in accordance with the size and scanning limitations set by local rule or order. A party electronically filing evidentiary materials must attach an index listing each item of evidence and identifying the related paper.

(f) Documents filed by attorneys that do not complying with the format specified by the applicable statute or rule may be rejected. Documents filed by *pro se* parties that do not comply with the format specified by the applicable statute or rule shall be reviewed for acceptance by the court prior to rejection.

(g) If a court uses or permits any filed or court-generated document within the record of a case to be the type of electronic document comprised of a separate data component (such as a fillable form), the form and data of the document must be stored intact to preserve the future accessibility of the complete document.

(h) Electronic documents containing links to material either within the filed document or external to the filed document are for convenience purposes only. The external material behind the link is not considered part of the filing or the basic record.

**10 Failure of Electronic Filing Process**

(a) Neither the court nor the clerk of the court shall be liable for malfunction or errors occurring in the electronic transmission or receipt of electronically filed or served documents.

(b) If a document submitted electronically is not filed or is rejected, the court may, upon good cause shown, enter an order permitting the document to be filed effective as of the date of the attempted first filing.

**11 Confidential Documents**

The electronic filing system, the document management system and the case management system in any court shall maintain the confidentiality and integrity of the transmission of any document identified as impounded, sealed, or expunged. All documents in confidential, impounded, or sealed cases must be submitted conventionally to the clerk's office for filing. A party who has a legal basis for filing a document under seal without prior court order must electronically file a motion for leave to file under seal. The motion must include an explanation of how the document meets the legal standards for filing sealed documents. The document in question may not be attached to the motion as an attachment.

**12 Content**

(a) The filing party is responsible to ensure that court documents filed electronically do not disclose previously or statutorily impounded or sealed information or private information defined in Supreme Court Rule 15 and Supreme Court Rule 138.

(b) The clerk is not responsible for the content of filed documents and has no obligation to review, redact or screen any expunged, sealed or impounded information.

**13 Implementation**

Prior to filing any document electronically with the court, users are required to register with the clerk of the court or the court's authorized e- filing provider, as the case may be, and provide all information as required by the court's registration procedure. Upon changes, users shall promptly update the required information.

**14 Requests for Information**

(a) The e-filing system shall electronically return to the filer the electronically file stamped document of each accepted filing without additional cost to the filer. The clerk shall provide a procedure for response to requests for case information, including the appropriate clerk's certification.

(b) Copies of any document or certification of same may be provided electronically and shall be available to the requesting party at a reasonable cost, including all applicable fees as set by rule or statute.

**15 Payment of Fees**

(a) The court shall not charge any additional filing fees or engage in a fee- sharing arrangement with the e-filing vendor. However, this does not preclude an e-filing vendor from charging fees (e.g., service fees, convenience fees, or value-added service fees for e-service) for electronic filing services to litigants.

(b) Filings initiated by court partner agencies in criminal cases (e.g., state's attorney, public defender, attorney general, law enforcement) shall be exempted from the payment of filing fees and any vendor fees, when appropriate.

(c) When filing electronically, the filer (with the exception of agencies exempted by statute) shall make payment of requisite filing fees to the clerk of the court pursuant to local rule unless otherwise ordered by the court. Local rules may establish one or more methods for payment.

(d) When the electronic filing includes a request for the waiver of fees by a petition for indigence, payment of the requisite filing fees shall be stayed until the court rules on the petition.

**16 Signatures and Authentication**

(a) The judicial e-signature process and related security measures should be determined locally by the chief judge of each circuit. Any document filed electronically using a verified user authentication issued by a court or its authorized provider shall be deemed to have been signed by the holder of the user authentication. Documents containing a facsimile or typographical signature may be filed electronically. The system shall provide a method for authentication of judicial officer actions. Any document electronically signed pursuant to this section satisfies Supreme Court Rules and statutes regarding original signatures on court documents.

(b) If a document requires the signature[s] of one or more persons not a party to the case or not registered for electronic filing (e.g. settlement agreement with a *pro se* party, or a witness' affidavit), the filing party or attorney must confirm all persons required to sign the document approve it. Original signatures of all non-electronic filers must be obtained before filing the document. The document must indicate the identity of each non-registered signatory. The filing party must retain the original document as signed, either conventionally or electronically, until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review.

**17 Service on Opposing Parties and Counsel of Record**

(a) A means of electronic service on registered participants in civil cases may be

established as part of the e-filing system. When service is required by the clerk, the clerk of the court may serve electronically and shall record in the official court record the effective date and time of service. Service of documents on parties not registered as an e-filing or e-service participant shall be made as otherwise provided by rule or statute.

(b) A means of electronic service on registered attorneys in criminal cases may be established as part of the e-filing system. When service is required by the clerk, the clerk of the court may serve electronically to the attorney and shall record in the official court record the effective date and time of service. Service of documents in criminal cases to a *pro se* defendant who is not represented by counsel shall, unless waived, be made as otherwise provided by rule or statute.

**PRINCIPLES - Best Practices for Electronic Filing**

1. The decision to operate an e-filing program is optional for circuit courts. The clerk and chief judge or presiding judge of the court, or designee, upon application and approval by the Supreme Court, ~~shall~~ may require litigants and lawyers to file electronically court documents in civil case types authorized for electronic filing and may require lawyers to file electronically court documents in criminal case types by local rule or order. Documents required to be maintained in original form pursuant to the Manual on Recordkeeping established by the Court's *General Administrative Order on Recordkeeping in the Circuit Courts* or other rule or statute are excluded from electronic filing. The chief circuit judge may specify by rule or order additional documents not to be filed by electronic means.

2. The clerk shall ensure that all electronically filed documents shall be integrated into the court's document management system and case management system eliminating the necessity for the clerk to duplicate data entry.

3. The e-filing function may be, but need not be, operated by a third-party vendor.

4. The e-filing system shall be capable of interfacing with the court's case management system. The goal is to reduce or eliminate the need for clerks to enter data manually. The interface with the court's case management system shall not generate a new case number until a new case filing has been accepted by the clerk and payment of filing fees.

5. E-filing shall be available via the Internet to anyone using a standard web browser (Safari, Internet Explorer, Mozilla, Firefox, etc.)

6. Any electronic document submitted for e-filing must be secure from alteration, destruction or corruption.

.

7. The electronic document submitted for filing shall be text searchable to the extent feasible.

8. Any e-filing system should have a reliable method of authenticating that any court filing was made by the person who purportedly filed it.

9. Any e-filing system shall verify that electronic documents are not corrupted during transmission to the court.

10. Any electronic document submitted for filing shall include basic data elements for use by the clerk's office.

11. Any vendor providing e-filing services shall be subject to audit to ensure that proposed and collected fees are reasonable and in the public interest.

12. The e-filing provider shall have a disaster recovery plan that includes a plan to restore e-filing operations within a reasonable time frame due to a failure causing an interruption in the e-filing service.

West's Smith-Hurd Illinois Compiled Statutes Annotated
Court Rules
Illinois Supreme Court Rules (Refs & Annos)
Article II. Rules on Civil Proceedings in the Trial Court
Part B. Pleadings and Other Documents

ILCS S. Ct. Rule 138
Formerly cited as IL ST S. Ct. Rule 138

Rule 138. Personal Identity Information

Currentness

(a) Applicability.

(1) In civil cases, personal identity information shall not be included in documents or exhibits filed with the court except as provided in paragraph (c).

(2) This rule does not apply to cases filed confidentially and not available for public inspection.

(b) Personal identity information, for purposes of this rule, is defined as follows:

(1) Social Security and individual taxpayer-identification numbers;

(2) driver's license numbers;

(3) financial account numbers; and

(4) debit and credit card numbers.

A court may order other types of information redacted or filed confidentially, consistent with the purpose and procedures of this rule.

(c) A redacted filing of personal identity information for the public record is permissible and shall only include:

(1) the last four digits of the Social Security or individual taxpayer-identification number;

(2) the last four digits of the driver's license number;

(3) the last four digits of the financial account number; and

 © 2018 Thomson Reuters. No claim to original U.S. Government Works. 

(4) the last four digits of the debit and credit card number.

When the filing of personal identity information is required by law, ordered by the court, or otherwise necessary to effect disposition of a matter, the party shall file a "Notice of Confidential Information Within Court Filing," prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix. This document shall contain the personal identity information in issue and shall be impounded by the clerk immediately upon filing. Thereafter, the document and any attachments thereto shall remain impounded and be maintained as confidential, except as provided in paragraph (d) or as the court may order.

After the initial impounded filing of the personal identity information, subsequent documents filed in the case shall include only redacted personal identity information with appropriate reference to the impounded document containing the personal identity information.

If any of the impounded personal identity information in the initial filing subsequently requires amendment or updating, the responsible party shall file the amended or additional information by filing a separate "Notice of Confidential Information Within Court Filing" form.

(d) The information provided with the "Notice of Confidential Information Within Court Filing" shall be available to the parties, to the court, and to the clerk in performance of any requirement provided by law, including the transfer of such information to appropriate justice partners, such as the sheriff, guardian *ad litem*, and the State Disbursement Unit (SDU), the Secretary of State or other governmental agencies, and legal aid agencies or bar association *pro bono* groups. In addition, the clerk, the parties, and the parties' attorneys may prepare and provide copies of documents without redaction to financial institutions and other entities or persons which require such documents.

(e) Neither the court nor the clerk is required to review documents or exhibits for compliance with this rule. If the clerk becomes aware of any noncompliance, the clerk may call it to the court's attention. The court, however, shall not require the clerk to review documents or exhibits for compliance with this rule.

(f)(1) If a document or exhibit is filed containing personal identity information, a party or any other person whose information has been filed may move that the court order redaction and confidential filing as provided in paragraph (b). The motion shall be impounded, and the clerk shall remove the document or exhibit containing the personal identity information from public access pending the court's ruling on the substance of the motion. A motion requesting redaction of a document in the court file shall have attached a copy of the redacted version of the document. If the court allows the motion, the clerk shall retain the unredacted copy under impoundment and the redacted copy shall become part of the court record.

(2) If the court finds the inclusion of personal identity information in violation of this rule was willful, the court may award the prevailing party reasonable expenses, including attorney fees and court costs.

(g) This rule does not require any clerk or judicial officer to redact personal identity information from the court record except as provided in this rule.

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.

**Credits**

Adopted Oct. 24, 2012, eff. July 1, 2013. Amended June 3, 2013, eff. July 1, 2013; June 27, 2013, eff. July 1, 2013; Dec. 24, 2013, eff. Jan. 1, 2014; May 29, 2014, eff. immediately; Nov. 21, 2014, eff. immediately; Dec. 29, 2017, eff. Jan. 1, 2018.

I.L.C.S. S. Ct. Rule 138, IL R S CT Rule 138
Current with amendments received through 2/1/2018

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works. 

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| In re: Mandatory Electronic Filing in Civil Cases | ) ) ) ) | M.R. 18368 |

ORDER

In the exercise of the Court's general administrative and supervisory authority over all courts, the following is in response to the "Petition on Behalf of the Cook County Judicial Circuit for an Extension of Time to Implement Mandatory e-Filing" filed with the Supreme Court of Illinois and requesting to extend the January 1, 2018, deadline to implement mandatory e-filing for all civil case types and the migration to eFileIL to January 1, 2019.

Given the late submission of this petition, filed by the Supreme Court Clerk on December 20, 2017, and in light of the Circuit Court of Cook County's assertion that the existing e-filing system is not able to accept e-filing of all civil cases,

THEREFORE IT IS ORDERED that:

1. The Circuit Court of Cook County is allowed to continue permissive e-filing for a period of six (6) months, or until June 30, 2018. During this extended period, the Circuit Clerk's contract with the stand-alone e-filing vendor will result in charging a transaction fee (at the current contractual rate) upon the filer until Cook County migrates to eFileIL.
2. During this extended period, conventional paper filings of all civil cases shall be allowed as an alternative to paying a transaction fee to the stand-alone e-filing vendor under contract with the Circuit Clerk.
3. No additional case types or filing transactions shall be added, nor shall any extraordinary actions be taken, to promote e-filing through the stand-alone e-filing system.
4. The Circuit Clerk's office shall commit all necessary resources to meet the extended timeline, including working with Tyler on thorough testing of the essential functionality that the Circuit Clerk has identified is necessary to maintain the integrity of its business processes.

5. Permissive e-filing through eFileIL in County Division shall continue with a commitment to complete the full case management system integration by April 1, 2018.
6. All civil case types that are not currently e-filed shall have a permissive go-live date through eFileIL no later than April 1, 2018.
7. All case types that are currently e-filed using the stand-alone e-filing system shall have a permissive go-live date through eFileIL no later than May 1, 2018.
8. To ensure proper testing by the circuit clerk's office and exposure to filers, permissive e-filing through eFileIL shall not be restricted in any manner and eFileIL shall be made available to all filers across the state, including e-filing of all case types to an unlimited number of firms, attorneys, and filers no later than May 1, 2018.
9. Because of the size and complexity of operations in Cook County, the Administrative Office of the Illinois Courts shall attend implementation meetings with the Circuit Clerk's office and Tyler Technologies to monitor the progress and otherwise assist with timely implementation of mandatory e-filing throughout this extended period.

Order Entered by the Court.

FILED

DEC 22 2017

SUPREME COURT
CLERK

**IN THE**
**SUPREME COURT OF ILLINOIS**

| | | |
|---|---|---|
| **In re: Mandatory Electronic Filing In Civil Cases** | )<br>)<br>) | **M.R. 18368** |

**PETITION ON BEHALF OF THE COOK COUNTY CIRCUIT COURT CLERK FOR PERMISSION TO ALLOW IMAGES TO BE MADE AVAILABLE TO THE PRESS AND PUBLIC UPON SUBMISSION OF e-FILED COMPLAINTS PRIOR TO THE ACCEPT/REJECT PROCESS AND TO ENGAGE OUR STAND-ALONE e-FILING VENDOR TO ADD A NEW e-FILING TRANSACTION**

On October 24, 2012, this Court issued an order regarding Electric Filing Standards and Principles ("Standards and Principles") in order to maintain uniformity of electronic filing practices and procedures in the Circuit Courts throughout the State of Illinois. The Standards and Principles require that the clerk review electronically all documents, validate the case information filed, and accept or reject e-Filed documents consistent with Supreme Court and local rules.

On January 22, 2016, the Illinois Supreme Court entered its order regarding Mandatory Electronic Filing in Civil Cases, requiring mandatory e-Filing of civil cases by January 1, 2018. On December 22, 2017, this court granted the Office of the Clerk of the Circuit Court of Cook County's ("Clerk's Office") petition for extension of time for mandatory e-Filing of civil cases.

On January 8, 2018, Federal District Court Judge Matthew F. Kennelly entered an order in *Courthouse News Services v. Clerk of the Circuit Court of Cook County*, 2018 U.S. Dist. Lexis 2816 ( N.D. Ill. January 8, 2018) related to documents e-Filed with the Office of the Clerk of the Circuit Court mandating the Clerk 's Office to allow access to the press and the public, to images filed electronically, upon submission, prior to the completion of the Clerk's Office accept/reject function, which have not been processed and officially accepted as part of the basic record, during business hours on the Clerk's Office's terminals by February 7, 2018. This would mean that the press and the public would have access to documents that litigants file under seal.

Documents filed electronically are governed by this Court's Standards and Principles and General Administrative Order NO. 2014-02 ("GAO NO. 2014-02") entered by the Chief Judge of the Circuit Court of Cook County, Timothy C. Evans. Judge Kennelly's order cannot be reconciled with either the Standards and Principles or GAO NO. 2014-02.

Furthermore, in order to provide access in the form and manner mandated by Judge Kennelly, the Office of the Clerk of the Circuit Court must engage our stand-alone e-Filing vendor to add a new e-Filing transaction and will also require the Office of the Clerk of the Circuit Court to commit vital programming resources and man-hours to develop, in violation of this Court's order entered on December 22, 2017.

1. On December 22, 2017, this Court issued an order mandating that:

> *"[n]o additional case types or filing transactions shall be added...to the stand alone e-Filing system."*

2. This Court's December 22, 2017 order also mandates that the Office of the Clerk of the Circuit Court:

   *"...shall commit all necessary resources to meet the extended timeline, including working with Tyler..."*

In light of this Court's December 22, 2017 order, we request permission to allow access, to the press and the public, to images submitted electronically to the Clerk's Office prior to the completion of the accept/reject function, which have not been processed and officially accepted as a part of the basic record, during business hours on the Clerk's Office's terminals, which also means that the press and the public will have access to documents that are filed under seal by litigants, which is currently not permitted by either the Standards and Principles or GAO NO. 2014-02. In addition, we request permission to engage our stand-alone e-Filing vender and the Office of the Clerk of the Circuit Court's programmers to add a new e-Filing transaction which will give the press and the public access to images filed electronically, upon submission, prior to the completion of the Clerk's Office accept/reject function, during business hours at the Clerk's Office's terminals, which also means that the press and the public will have access to documents that litigants file under seal.

## PRAYER FOR RELIEF

WHEREFORE, in an effort to comply with Judge Kennelly's January 8, 2018, order the undersigned respectfully requests that this Court grant permission to the Office of the Clerk of the Circuit Court to allow access, to the press and the public, to images submitted electronically to the Clerk's Office, prior to the completion of the accept/reject function, which have not been processed and officially accepted as a part of the basic record, during business hours on the Clerk's Office's terminals, which also means that the press and the public will have access to documents that litigants file under seal. In addition, we request permission to engage our stand-alone e-Filing vendor as well as the Clerk's Office's programmers to add a new e-Filing transaction by February 7, 2018.

Respectfully submitted this 26th day of January, 2018:

____________________

Dorothy Brown
Circuit Clerk
Circuit Court of Cook County

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

Richard J. Daley Center
Room 1001
Chicago, Illinois 60602
(312) 603-5030
FAX (312) 603-4557
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

January 29, 2018

Honorable Timothy C. Evans
Chief Judge, Circuit Court of Cook County
Richard J. Daley Center
50 West Washington Street, Room 2600
Chicago, IL 60602

Re: Amending General Administrative Order No. 2014-02 Electronic Filing (eFiling) of Court Documents

Dear Chief Judge Evans:

I am writing this letter to request that General Administrative Order No. 2014-02 ("GAO No. 2014-02") be amended as a result of an order received from Federal District Court Judge Matthew F. Kennelly. On January 8, 2018, Judge Kennelly entered an order in *Courthouse News Services v. Clerk of the Circuit Court of Cook County*, 2018 U.S. Dist. Lexis 2816 (N. D. Ill. January 8, 2018) mandating that by February 7, 2018, the Clerk of the Circuit Court ("Clerk's Office") must allow access to the press and the public to images, filed electronically, upon submission, prior to the completion of the Clerk's Office accept/reject function, which have not been processed and officially accepted as part of the basic record, during business hours on the Clerk's Office's terminals. This would also mean that the press and the public will have access to documents that litigants file under seal because they are not restricted on our electronic docket until we perform our accept/reject function. Section 13(a) of GAO 2014-02, as currently worded states that:

> *"[t]he Clerk's Office shall make available for inspection and copying printed copies of any electronically filed document as maintained in the official court record."*

The Electronic Access Policy Section 3.50 provides that the official court record is the basic record as defined under Part 1, Section F, of the Manual on Recordkeeping. The Manual on Recordkeeping provides that the basic record is:

> *"the original trial court record of a case and all the documents filed in the case together with the Electronic Docket and additional electronic docket where applicable."*

Since documents that are submitted to the Clerk's Office prior to the completion of the accept/reject function are not a part of the official court record and they do not become a part of the official court record until they are officially accepted or rejected by the Clerk's Office, we will need GAO 2014-02 to be amended to allow the Clerk's Office to provide access to the press and to the public to unofficial versions of electronically submitted documents.

We would like to inform you that we petitioned the Illinois Supreme Court last Friday, January 26, 2018, to request permission to allow images to be made available to the press and public upon submission of eFiled complaints prior to the accept/reject function. A copy of our petition as well as a copy of Judge Kennelly's order are attached for your reference.

If you have any questions or comments, please contact me at (312) 603-5071, or have a member of your staff contact the Office's General Counsel, Kelly Smeltzer at (312) 603-6946.

Sincerely,

Dorothy Brown
Clerk of the Circuit Court of Cook County

DB:ks

cc: Michael Moore, Executive Clerk for Court Operations and Administration (w/o attachments)
Kelly Smeltzer, General Counsel (w/o attachments)

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| In re: Mandatory Electronic Filing in Civil Cases | ) ) ) ) | M.R. 18368 |

ORDER

This cause coming to be heard on the petition of the Cook County Circuit Court Clerk for relief from certain orders of this court related to e-Filing on the grounds that such relief is necessary to permit her office to comply with the order entered by U.S. District Court Judge Matthew F. Kennelly in *Courthouse News Services v. Clerk of the Circuit Court of Cook County,* 2018 U.S. Dist. Lexis 2816 (N.D. Ill. Jan. 8, 2018), and the Court being fully advised in the premises;

IT IS ORDERED that the petition is denied.

Order entered by the Court.

**FILED**

FEB 1 4 2018

**SUPREME COURT CLERK**