BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street Suite 4300
Chicago IL 60601 3315
T: +1 312 602 5000
F: +1 312 602 5050
www.bclplaw.com

September 13, 2018

Brian A. Sher
Direct: 312/602-5070
Fax: 312/698-7470
brian.sher@bclplaw.com

Gino J. Agnello, Clerk
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
Room 2722
219 South Dearborn Street
Chicago, IL 60604

**FILED BY CM/ECF**

Re: *Courthouse News Service v. Brown*, Appeal No. 18-1230: Response to Appellant's Citation of Supplemental Authority under Fed. R. App. P. 28(j)-Oral Argument Scheduled for September 14, 2018

Dear Mr. Agnello:

Courthouse News Service responds to Dorothy Brown's FRAP 28(j) letter regarding *CNS v. Yamasaki*, 312 F. Supp. 3d 844 (C.D. Cal. May 9, 2018) and 2018 U.S. District LEXIS 136622 (C.D. Cal. August 10, 2018):

Brown asks the Court, on the eve of argument, to take notice of rulings made by the Central District of California in *Yamasaki* that have no precedential value before this Circuit. Had Brown reasonably thought that *Yamasaki* was of import, she would not have waited so long to bring them to the Court's attention.

Brown did not dispute much of what is at issue in *Yamasaki*. As the District Court explained in granting the PI, "Brown does not dispute CNS's contention that the First Amendment presumption of access applies to civil complaints." (R. 19, PageID 970; R. 44, PageID 1090.) Nor has Brown contested that strict scrutiny is the applicable constitutional burden she must overcome. She admits, "[p]roper time, place and manner restrictions have no application here." (Doc. 27, p. 24.) *Yamasaki's* TPM analysis has no relevance to the issues before this Court.

Judge Kennelly considered another *Yamasaki* ruling and properly rejected it as contrary to Seventh Circuit authority. (R. 23, PageID 973.) The Court should do the same. *Yamasaki's* conclusion that ongoing, pervasive delays of one court day (often

translating to multiple calendar days) does not violate the First Amendment is contrary to this Court's precedent. *See, e.g., In re AP*, 162 F.3d 503 (7th Cir. 1998); *Grove Fresh v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *Continental Ill. Securities Litigation*, 732 F.2d 1302 (7th Cir. 1984).

The *Yamasaki* rulings are also on appeal (Ninth Circuit 18-56216). *Yamasaki* cannot be squared with Ninth Circuit law and contravenes every other decision to have addressed the right of contemporaneous access to new civil complaints. Those cases, including one from the same district as *Yamasaki*—*CNS v. Planet*, 2016 WL 4157210 (C.D. Cal. May 26, 2016)—all found the First Amendment right of access is implicated by delays of even one day. (Doc. 19, pp. 11-12; *CNS v. Tingling* (S.D.N.Y); *CNS v. Jackson* (S.D. Tex.).)

Very truly yours,

*/s/ Brian A. Sher*

Brian A. Sher

Counsel for Plaintiff-Appellee Courthouse News Service

BRYAN CAVE LEIGHTON PAISNER

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 28(j)**

1. The foregoing letter complies with the type-volume limit of Fed. R. App. P. 28(j) because the body of the letter contains 350 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. 32(c)(2) and the type-style requirements of Fed. R. App. P. 32(a)(6), as qualified by Circuit Rule 32(b), because it has been prepared in proportionally spaced typeface using Microsoft Word 2013 in Century 12-point font.

*/s/ Brian A. Sher*

Counsel for Plaintiff-Appellee

BRYAN CAVE LEIGHTON PAISNER BCLP

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25, I hereby certify that on September 13, 2018, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Seventh Circuit via the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and service was accomplished on counsel of record by that means.

*/s/ Brian A. Sher*

Counsel for Plaintiff-Appellee